UNITED STATES DISTRICT COURT O
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| REFUGIO MARTINEZ-FIERRO § | |
| § | |
| Petitioner § | |
| VS. § | CIVIL ACTION NO. 5-11-cv-19 |
| § | CRIMINAL ACTION NO. 5:10-cr-191 |
| UNITED STATES OF AMERICA § | |

**OPINION AND ORDER DISMISSING PETITIONER'S 28 U.S.C. § 2255 MOTION**

Pending before the Court is Refugio Martinez-Fierro's ("Fierro") "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody."[1] After reviewing the motion, record and controlling authorities, the Court **DISMISSES** Fierro's motion.

**I. BACKGROUND**

On January 20, 2010, a federal grand jury in Laredo, Texas, returned an indictment charging Fierro with illegal reentry in violation of 8 U.S.C. § 1326.[2] Pursuant to a written plea agreement with the government, Fierro pleaded guilty to the charge in the indictment on March 18, 2010.[3] As part of his written plea agreement, Fierro waived his rights to appeal or collaterally attack his sentence. Specifically, the plea agreements states:

> Defendant is aware that Title 18, U.S.C. § 3742, affords a defendant the right to appeal a conviction and appeal the sentence imposed. Defendant agrees to waive the right to appeal the conviction, the sentence imposed or the manner in which the sentence was determined. Additionally, Defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. Defendant waives the right to contest his conviction or sentence by means of any post-conviction proceeding.[4]

---

[1] Dkt. No. 1. ("Dkt. No. refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. Unless stated otherwise, "Dkt. No." will be used to refer to filings in the civil case number 5:11-cv-19. "Cr. Dkt. No." will be used to refer to filings in criminal case number 5:10-cr-191-1).
[2] Cr. Dkt. No. 7.
[3] Cr. Dkt. No. 29; Minute Entry of March 18, 2010, Rearraignment.
[4] Cr. Dkt. No. 13 at ¶ 7.

On July 28, 2010, the Court sentenced Fierro to seventy (70) months imprisonment and three (3) years of supervised release.[5]  Judgment was entered on August 20, 2010.[6]  Fierro did not directly appeal his case.  Fierro filed this 28 U.S.C. § 2255 motion on March 4, 2011.[7]  In his motion and supporting memorandum Fierro challenges the application of the sentencing guidelines, claims there was a sentencing disparity between his own sentence and the sentences of participants in "fast-track" programs and alleges that his counsel was ineffective at various stages of the proceeding.

## II. DISCUSSION

### A. Standard for Relief under 28 U.S.C. § 2255

"Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."[8]  Generally, § 2255 claims fall under four categories: (1) challenges to the constitutionality or legality of a sentence; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack.[9]  After conducting an initial examination of the petition, the Court must dismiss if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ."[10]

---

[5] Cr. Dkt. No. 29: Minute Entry of July 28, 2010, Sentencing.
[6] Cr. Dkt. No. 29.
[7] Dkt. No. 1.
[8] *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).
[9] 28 U.S.C. § 2255 (2006); *see United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).
[10] 28 U.S.C. § 2255, PROC. R. 4(b).

### B.      Plea and Waiver of Right to Appeal and Right to Mount Collateral Attacks

"[A] defendant can waive his right to appeal as part of a plea agreement if the waiver is informed and voluntary."[11]  In determining whether the waiver bars subsequent claims, a court must first determine "whether the waiver was knowing and voluntary," and then evaluate whether the waiver "applies to the circumstances at hand, based on the plain language of the agreement."[12]  In a collateral attack, a district court may examine the validity of an appeal waiver.[13]

Similarly, in most situations, a defendant may waive his right to collaterally attack his conviction or sentence pursuant to 28 U.S.C. § 2255.

> In this circuit, generally, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." To date, we have recognized one exception to this general rule: an ineffective-assistance claim survives a § 2255 waiver, but "only when the claimed [ineffective] assistance directly affected the validity of that waiver or the plea itself."   . . .
> We join two other circuits that have stated that a § 2255 waiver does not preclude review of a sentence that exceeds the statutory maximum.[14]

Because there is "no principled means of distinguishing [a § 2255] waiver from the waiver of a right to appeal[,]"[15] a district court may evaluate the validity of § 2255 waiver by employing the same inquiry that is used in the waiver of appeal context.  Accordingly, the Court first evaluates whether the § 2255 waiver was knowingly and voluntarily entered and then examines whether the waiver applies to the relevant circumstances.

When determining whether a defendant's waivers were knowing and voluntary, the Court is mindful of the Fifth Circuit's position that Rule 11 admonishments provide "prophylactic

---

[11] *United States v. Wilkes*, 20 F.3d 651,653 (5th Cir. 1994) (citing *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992).
[12] *United States v. Bond*, 414 F.3d 542, 544(5th Cir. 2005) (citing *United States v. McKinney*, 406 F.3d 744, 746-747 (5th Cir. 2005).
[13] *See United States v. Boyd*, No. 3:06-cv-1365-H, 2007 WL 900949, at *3 (N.D. Tex. Mar. 23, 2007).
[14] *United States v. Hollins*,  97 Fed.Appx. 477, 479, (5th Cir. 2004) (quoting *United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir.1994) (per curiam); *United States v. White,* 307 F.3d 336, 343 (5th Cir.2002))(citations omitted).
[15] *Cf. Wilkes*, 20 F.3d at 653.

protection for the constitutional rights involved in the entry of guilty pleas."[16] The Supreme Court stated the following regarding the requisite understanding in the guilty plea context, "the Constitution, in respect to a defendant's awareness of relevant circumstances, does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor."[17]

The Court pays careful attention to the previous proceedings and declarations by a defendant. "For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a *formidable barrier* in any subsequent collateral proceedings. *Solemn declarations in open court carry a strong presumption of verity*."[18]

The Court emphasizes that when a defendant waives his appellate and 28 U.S.C. § 2255 rights, the list of exceptions by which a defendant may plead around his waivers is extremely short. The primary exception is where a defendant claims ineffective assistance of counsel that "directly affect[s] the validity of the waiver or the plea itself."[19]

### C.    Fierro's Plea and Waiver at Rearraignment

At the rearraignment, the Court placed Fierro under oath.[20] Consistent with the requirements of Federal Rule of Criminal Procedure 11,[21] the Court advised Fierro of his rights, the charge against him and the consequences of pleading guilty. The Court warned Fierro that he was under oath and that if he lied to the Court he could be prosecuted for the separate crime of

---

[16] *United States v. Gracia*, 983 F.2d 625, 627 (5th Cir. 1993).
[17] *United States v. Ruiz*, 536 U.S. 622, 630 (2002) (citations omitted).
[18] *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (emphasis added).
[19] *See United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).
[20] Digital Recording of March 18, 2010, Rearraignment at 3:55 p.m.
[21] *See* FED. R. CRIM. P. 11(b).

perjury.[22] Fierro said he understood.[23] Fierro said that he had had enough time to discuss his case with his attorney and that he was satisfied with his attorney's legal representation of him.[24] The Court explained the charge to Fierro, and Fierro stated that he understood the charge.[25] Fierro said he signed the plea agreement and went through it *in detail* with his attorney.[26] Fierro affirmed that in turn for various concessions from the government, he was agreeing to plead guilty and to give up his rights to appeal or to collaterally attack his sentence or conviction.[27] He agreed that no one had promised him anything outside of the plea agreement to get him to plead guilty and that he understood that the plea agreement was not binding on the district judge.[28] When the Court asked whether Fierro had been treated for mental problems, psychiatric problems or had had an injury to his brain, Fierro responded that he suffered a head injury as a child that caused him to be "slow."[29] Upon further inquiry, Fierro said that there was nothing about his condition that would hinder his ability to understand what was going on in court.[30] Fierro said no one had forced him or threatened him to get him to plead guilty.[31] Fierro affirmed that he was pleading guilty freely and voluntarily and that it was his decision to do so.[32] Fierro's attorney told the Court that he was satisfied that his client was competent to go forward with the guilty plea.[33]

The Court explained the statutory maximum penalties that Fierro could be facing, and

---

[22] Digital Recording of March 18, 2010, Rearraignment at 3:55-3:56 p.m.
[23] *Id.* at 3:56 p.m.
[24] *Id.*
[25] *Id.* at 3:56-3:57 p.m.
[26] *Id.* at 3:57 p.m.
[27] *Id.* at 3:58-3:59 p.m.
[28] *Id.* at 3:59 p.m.
[29] *Id.* at 4:04-4:06 p.m.
[30] *Id.* at 4:06 p.m.
[31] *Id.*
[32] *Id.* at 4:06-4:07 p.m.
[33] *Id.* at 4:07 p.m.

Fierro said he understood.[34] Importantly, the Court told Fierro that he would likely be deported or removed after serving his term of imprisonment.[35] The Court then discussed the sentencing guidelines.[36] The Court warned Fierro that when his attorney talked about a calculation, score or range of imprisonment that Fierro would be subject to under the guidelines, it was his attorney's best guess or estimate of how Fierro's case would be dealt with—not a guarantee.[37] Fierro said he understood.[38] Further, Fierro acknowledged that the guidelines were advisory for the district judge.[39]

The Court then explained that Fierro had a right to a trial and other associated rights, and Fierro said he understood his rights and was willing to give up those rights and go forward with the guilty plea.[40] Fierro said that he understood everything that had been explained to him and that he did not have any questions.[41] Fierro pleaded guilty to the charge in his indictment.[42] The government then read the factual basis, and Fierro said he did not disagree.[43] Fierro's attorney stated that he was satisfied that Fierro understood the charge against him and the consequences of pleading guilty.[44] The Court accepted Fierro's plea and found that it was a knowing and voluntary plea, that Fierro understood the nature of the charge against him and the consequences of pleading guilty, that Fierro was competent and capable of entering an informed plea, and that there was an independent basis of fact for each element of the offense charged in the

---

[34] *Id.* at 4:07-4:10 p.m.
[35] *Id.* at 4:09 p.m.
[36] *Id.* at 4:10-4:12 p.m.
[37] *Id.* at 4:10 p.m.
[38] *Id.* at 4:11 p.m.
[39] *Id.* at 4:12 p.m.
[40] *Id.* at 4:13-4:15p.m.
[41] *Id.* at 4:15 p.m.
[42] *Id.*
[43] *Id.* at 4:16-4:17 p.m.
[44] *Id.* at 4:17 p.m.

indictment.[45]  Fierro said he understood and had no questions.[46]  Additionally, a few months later, once Fierro had been sentenced, he signed a notice of non-appeal which stated,

> I am a defendant in this case, and I have now been sentenced.  I know that I have the right to appeal to the Court of Appeals.  I have discussed my case with my attorney and I have decided not to pursue an appeal.[47]

Based on the above review of the record, it appears that Fierro's plea and waivers were entered into knowingly and voluntarily.  However, the Court must next consider whether the claims made here impact the validity of the waiver.

### D.  Ineffective Assistance of Counsel

Fierro bases his § 2255 petition in part on a claim of ineffective assistance of counsel. Ineffective assistance of counsel is a violation of the Sixth Amendment right to counsel, a claim of constitutional proportion permitted under 28 U.S.C. § 2255.  Under the pertinent two-prong test, Fierro must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that Fierro suffered prejudice as a result.[48]  In assessing whether counsel was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance; . . ."[49]

As explained above, in limited circumstances, a petitioner may plead around his § 2255 waiver with a claim of ineffective assistance of counsel pertaining to the plea or waiver. Fierro's claims of ineffective assistance of counsel pertain to two distinct portions of his proceedings.

#### 1.  Ineffective Assistance of Counsel Related to Fierro's Plea and Waivers

Fierro makes some claims that could bear on the validity of his plea and waiver.  Fierro states that "trial Counsel being an officer of the Court (a government official) defrauded

---

[45] *Id.* at 4:17-4:18 p.m.
[46] *Id.* at 4:18 p.m.
[47] Cr. Dkt. No. 28.
[48] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).
[49] *Id.* at 689.

Petitioner that he could not appeal a guilty Plea."[50] To the degree that Fierro is asserting that his counsel waived Fierro's right to appeal, this assertion is wholly contradicted by the record. Fierro—not his attorney—waived his right to appeal. Fierro signed the plea agreement which included the waiver of appeal. The Court covered the waiver of appeal with Fierro at the rearraignment, and Fierro chose to go forward. Finally, Fierro signed a notice of non-appeal after sentencing. The Court finds that Fierro, himself, waived his right to appeal.

Furthermore, Fierro cites *King v. United States*[51] to support his assertion that it was "plain error" for his plea agreement to contain waivers.[52] *King*, a case from a different circuit, is not even persuasive because it dealt with a waiver of appeal conditioned on acceptance of a sentencing recommendation. That waiver was voided when the district court failed to honor the recommendation.[53] Nevertheless, the appeal waiver in *King* was erroneously enforced.[54] It was that enforcement of a void waiver that was plain error in *King*.[55] In contrast, Fierro's plea agreement was not binding on the district judge—a fact that Fierro acknowledged during his plea.

In the same paragraph, Fierro argues that his counsel was ineffective when he advised Fierro to accept the plea agreement which could not then be appealed.[56] But Fierro seems to believe that accepting a plea with a waiver of appellate rights is error. This is simply incorrect.[57] Furthermore, Fierro is making this claim with the benefit of hindsight. The Court determines the reasonableness of his attorney's actions at the time when the plea agreement was entered. Fierro has not pointed to facts that demonstrate that his attorney's advice was *unreasonable* at the time.

---

[50] Dkt. No. 1 at p. 12.
[51] 595 F.3d 844 (8th Cir. 2010).
[52] Dkt. No. 2-1 at self-numbered p. 19.
[53] 595 F.3d 844, 853-854 (8th Cir. 2010).
[54] *Id.* at 854.
[55] *Id.*
[56] Dkt. No. 2-1 at self-numbered p. 19.
[57] *See*, *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).

In Fierro's supporting memorandum, he adds a claim that may implicate *Padilla v. Kentucky*[58] concerns that he was not advised of the immigration consequences.[59] Here, Fierro cannot show prejudice because the Court warned him during the plea colloquy that after serving a term of imprisonment he would likely be deported or removed. Therefore, even if Fierro's attorney failed to inform him that he could be deported if he pleaded guilty, he had the proper information before he pleaded guilty. Further, the fact that Fierro was before the Court on an immigration offense would present an insurmountable obstacle to a showing of prejudice.

Based on the entirety of the record, the Court finds that Fierro, himself, knowingly and voluntarily waived his right to appeal. Furthermore, no other claims in his motion tend to undermine the validity of his plea or the accompanying waivers. Therefore, the Court finds that Fierro's plea and accompanying waivers were valid.

### 2. Ineffective Assistance of Counsel After Fierro Pleaded Guilty

The remaining claims of ineffective assistance of counsel in Fierro's petition relate to his counsel's assistance after Fierro pleaded guilty. Fierro waived his right to attack his sentence, and his sentencing complaints do not undermine the validity of Fierro's plea or waiver. Therefore, the Court cannot reach the merits of his claims of ineffective assistance of counsel at sentencing because they fall squarely within the scope of the waiver, and no exceptions apply.

Although Fierro complains that his attorney did not raise various issues on appeal, Fierro validly waived his right to appeal. Furthermore, the record demonstrates that Fierro's attorney discussed his appellate rights with him as reflected in the notice of non-appeal. Nevertheless, an ineffective assistance of counsel claim post-plea would survive Fierro's waiver if Fierro's

---

[58] *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010).
[59] Dkt. No. 2-1 at self-numbered pp. 24-31.

attorney disregarded a timely instruction to file a notice of appeal.[60] Fierro has made no such assertion, and the record indicates that Fierro *did not* instruct his attorney to file an appeal. Therefore, the Court finds that Fierro claims related to his attorney's failure to appeal various issues fall within the scope of his waiver of appeal.

The Fifth Circuit recognized the gravity of waivers in *United States v. Baty* when it stated,

> When a defendant waives her right to appeal, she gives up the very valuable right to correct a district court's unknown and unannounced sentence. After waiving her right to appeal, the district court could err in its application of the Sentencing Guidelines or otherwise impose an illegal sentence. Indeed, the defendant may find herself serving unnecessary jail time. Yet, the defendant, who has waived her right to appeal, cannot appeal these errors.[61]

*Baty* explains why the Court went to such great lengths in Fierro's case to ensure that his waiver was knowing and voluntary. Fierro knowingly and voluntarily waived his rights to appeal and collaterally attack his sentence. He received the benefit of his bargain through the government's concessions in the plea agreement. He may not now escape the consequences of that valid waiver simply because he is dissatisfied with his sentence.

### E. Sentencing Issues

Without relying on an ineffective assistance of counsel theory, Fierro also challenges the Court's calculation of his sentence  He first questions the Court's application of the guidelines related to a "crime of violence," but this is not properly raised in a § 2255 motion. "A district court's technical application of the Guidelines does not give rise to a constitutional issue."[62] Furthermore, Fierro's remaining complaint, that he received a disparate sentence from defendants in "fast track programs," falls within the scope of his valid waiver of his right to file a

---

[60] *Roe v. Flores-Ortega*, 528 U.S. 470, 478-481 (2000).
[61] *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992).
[62] *United States v. Vaughn*, 955 F.2d 367 (5th Cir. 1992).

§ 2255 motion. Accordingly, Fierro's attacks on his sentence are either improper or within the scope of a valid waiver.

### III.  CONCLUSION

The Court has reviewed Fierro's motion, the record, and controlling authorities. Accordingly, the Court finds that Fierro knowingly and voluntarily pleaded guilty and waived his rights to appeal or collaterally attack his sentence or conviction. Fierro's claims fall within the scope of those waivers. Accordingly, Fierro's § 2255 motion is **DISMISSED** with prejudice. Should Fierro seek a certificate of appealability, the same is **DENIED**.

IT IS SO ORDERED.

DONE this 20th day of March, 2011, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE